COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                                                                      Superior Court
Civil Action No.: 2079CV00307

BENZ HOLDINGS, LLC, for itself and
as assignee of POSITRONIC FARMS, INC.,

Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
severally subscribing to Insurance Policy Certificate No. XSV11281,

Defendant.

**FIRST AMENDED COMPLAINT FOR MONETARY AND
INJUNCTIVE RELIEF, WITH DEMAND FOR A JURY TRIAL**

*A. Parties.*

1. The plaintiff, Benz Holdings, LLC ("Benz"), is a Massachusetts limited liability company with a principal offices at 72 Russell Street in North Quincy, Massachusetts and a usual place of business at 5 Appleton Street in Holyoke, Hampden County, Massachusetts.

2. The defendant, Certain Underwriters at Lloyd's, London ("Lloyd's"), is a foreign insurance syndicate duly authorized under a certificate of authority to engage in the business of insurance in the Commonwealth of Massachusetts, being a group of investor syndicates, known as underwriters, which pool funds to insure various risks in the Commonwealth of Massachusetts and elsewhere.

1

3. Under the terms of the insurance policy at issue in this litigation, being Insurance Policy Certificate No. XSV11281, Lloyd's has designated either the Commissioner of the Massachusetts Division of Insurance, or Mendes and Mount, LLP, as its agent for service of process, specifying that Mendes and Mount, LLP, may be served at 750 Seventh Avenue, New York, New York 10019.

### B. *Jurisdiction and Venue.*

4. Jurisdiction over the subject matter of this civil action is conferred by General Laws, Ch. 212, § 4; Ch. 214, § 3(6); and Ch. 93A, § 11.

5. Jurisdiction over Lloyd's is conferred by General Laws, Ch. 223A, § 3(a), (b) and (f), in that this action arises from its conduct in transacting business in this Commonwealth, in contracting to supply services or things in this Commonwealth, and in contracting to insure persons and risks located within this Commonwealth at the time of contracting.

6. Venue of this action in this Court is proper pursuant to General Laws, Ch. 223, §§ 1 and 8, in that Benz has a usual place of business in Hampden County.

### C. *Factual Circumstances.*

7. At all times material, Benz owned real estate with a commercial building situated thereon, located at 5 Appleton Street in Holyoke, Massachusetts ("the Premises").

8. On or about May 5, 2018, Benz purchased from Lloyd's, for substantial premiums duly paid, a Commercial Insurance Policy, being Insurance Policy

Certificate No. XSV11281, with effective dates between May 5, 2018 and May 5, 2019 (hereinafter "the Policy").

9. While the Policy was in effect, Positronic Farms, Inc. ("Positronic") was, pursuant to a written lease, a tenant of Benz on the Premises.

10. Both Benz and Positronic were named as insureds under the Policy, which provided for all risk coverage for loss or damage to the Premises and to the personal property Benz and Positronic located thereon.

11. The Policy also provided Benz and Positronic with coverage for repair to or compensation for damage done to the Premises and to the personal property of Benz and Positronic located thereon.

12. The Policy also provided Benz and Positronic with liability coverage for those sums that Benz or Positronic were legally obligated to pay because of property damage sustained by third parties.

13. On or about June 27, 2018, while the Policy and the contract of insurance between Lloyd's and Benz and Positronic was in full force and effect, the Premises and the building and the related personal property of Benz and Positronic thereon, and the surrounding property of third parties, were severely damaged by the unexpected, sudden and accidental discharge of water from a burst pipe on the Premises, a covered cause of loss under the Policy ("the Event").

14. In consequence of the Event, the personal property of the Pioneer Valley Railroad, and of the Holyoke Gas and Electric Department (of the City of

Holyoke), and of the City of Holyoke sanitary sewer system, sustained substantial damage.

15. On July 9, 2018, Benz and Positronic were ordered by the Massachusetts Department of Environmental Protection, by and through City of Holyoke, to immediately remediate the extensive damage to the property and infrastructure of the Pioneer Valley Railroad, and the property and infrastructure of the of the Holyoke Gas and Electric Department, and to the property and infrastructure of the of the City of Holyoke sanitary sewer system, all of which resulted from the Event.

16. Benz and Positronic were legally obligated to and did in fact undertake the remediation ordered by the Massachusetts Department of Environmental Protection, by and through City of Holyoke ("the Required Remediation").

17. The costs and expenses of the Required Remediation were born by Benz and are covered under the liability portion of the Policy, because Benz was legally obligated to pay the property damage sustained by third parties.

18. Immediately after the Event, notice of the damage to the Premises and the building and the related personal property of Benz and Positronic thereon, and to the surrounding property of third parties, and of the related losses and expenses sustained by Benz and Positronic, including the costs and expenses of the Required Remediation (hereinafter collectively "the Loss"), was timely and properly given by Benz and Positronic to Lloyd's.

4

19. At all times material after the Loss, Benz and Positronic rendered timely, proper, complete and accurate information and statements of loss, and fully cooperated with the investigation of Lloyd's concerning the Event and the Loss, all in accordance with the terms of the Policy.

20. From the date of the Event to the present, Benz and Positronic have made due and proper demand for replacement of their property and for payment under the Policy for their damages occasioned by the Event, or for referral of their first party claims to reference within the terms of the Policy.

21. From the date of the Event to the present, Benz and Positronic have made due and proper demand for payment under the Policy for their damages occasioned by the Event and the Loss and for the costs and expenses of the Required Remediation.

22. From the date of the Event to the present, and despite the due demands Benz and Positronic, Lloyd's has disclaimed coverage under the Policy for the Loss, has failed to affirm coverage for the Loss, has failed to proceed to reference on the first party claim, and has failed to pay the full damages of Benz and Positronic occasioned by the Event and the Loss and the Required Remediation, all in accordance with the Policy.

23. For valuable consideration given, Benz has received an assignment from Positronic of the claims of Positronic against Lloyds under the Policy, in connection with the Event, the Loss and the Required Remediation.

5

24. As a direct and proximate result of the failure and refusal of Lloyd's to pay to Benz and Positronic the amounts due under the Policy on account of the Event and the Loss, and as a direct and proximate result of the failure and refusal of Lloyd's to proceed to reference after due and timely demand by the Benz, Lloyd's has forfeited, waived and relinquished its right to reference under the Policy.

25. As a further direct and proximate result of the failure and refusal of Lloyd's to pay to the Benz and Positronic the amounts due under the Policy on account of the Event and the Loss, and as a further direct and proximate result of the failure and refusal of Lloyd's to proceed to reference after due and timely demand by the Benz, Benz and Positronic have suffered and continue to suffer great financial loss and damage and other harm and legal detriment including, without limitation, interest on such amount, attorney's fees and costs in enforcing the obligation of Lloyd's under the Policy, and other consequential harm and damage.

### D. *Claims for Relief.*

### COUNT I

26. Benz incorporates by reference the averments of paragraphs 1 through 25.

27. The failure and refusal of Lloyd's to compensate Benz and Positronic for the Loss and the related damages of Benz and Positronic constitutes a breach of the obligations of Lloyd's to the Benz and to Positronic under the Policy, and a breach of the contract of insurance between the parties, since coverage for the Loss is provided for and is not excluded by the Policy.

28. All of the provisions of the Policy have been fully complied with by Benz and Positronic, but Lloyd's has declined and refused to make payment to Benz and Positronic for the damage sustained by the Benz and Positronic on account of the Loss, which damage is covered by the Policy.

29. As a direct and proximate result of the failure and refusal of Lloyd's to pay to Benz and Positronic the amounts due under the Policy on account of the Loss, and as a direct and proximate result of the failure and refusal of Lloyd's to proceed to reference after due and timely demand, the Benz and Positronic have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

30. To the extent there is a dispute as to the amount of loss on the first party claims under the Policy, requiring reference under M.G.L. c. 175, §99, Benz requests an abatement of this action to permit reference, if necessary, to go forward.

31. All conditions precedent and jurisdictional prerequisites to the maintenance of the claims of the Benz and Positronic under the Policy and to the maintenance of this action have been duly and timely satisfied by the Benz.

*WHEREFORE*, the plaintiff, Benz Holdings, LLC, for itself and as assignee of Positronic Farms, Inc., demands judgment against the defendant, Certain Underwriters at Lloyd's, London, for compensatory damages, including statutory interest form the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including an abatement of the action if necessary for reference.

## COUNT II

32. Benz incorporates by reference the averments of paragraphs 1 through 31.

33. At all times material, Lloyd's was, with respect to its aforementioned acts and omissions, engaged in trade or commerce and in the business of insurance, all within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 11 and Ch. 176D.

34. The aforementioned acts and omissions of Lloyd's constitute unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 9.

35. In addition, Lloyd's has committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11, by engaging in conduct which is in violation of the minimum standards of conduct pertaining to insurance claims practices, all as established by Massachusetts General Laws, Ch. 176D, § 3, including:

   a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   b) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   c) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

f) Compelling Benz to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered by Benz;

g) Delaying the investigation or payment of claims by requiring that Benz submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

h) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

i) Failing to proceed to reference as required by the Policy and by Massachusetts law, including General Laws, Ch. 175, §§ 100 and 101F.

36. Lloyd's has engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, §§ 2 and 11, and the refusal and failure of Lloyd's to grant reasonable related relief to Benz, upon the prior requests of Benz and upon the requests and claims of the Benz as set forth in this litigation, were and continue to be made by Lloyd's in bad faith with knowledge or reason to know that the acts and

9

practices complained of by the Benz herein violate Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

37. As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Lloyd's, Benz has suffered financial loss and detriment.

38. All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by the Benz.

*WHEREFORE*, the plaintiff, Benz Holdings, LLC, for itself and as assignee of Positronic Farms, Inc., demands judgment against the defendant, Certain Underwriters at Lloyd's, London,

    a. for actual and compensatory damages as alleged herein;

    b. for treble those actual and compensatory damages;

    c. for their costs and reasonable attorneys fees incurred in bringing this action;

    d. for statutory interest and costs;

    e. for reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss; and

    f. for such other and further monetary or equitable relief as the Court deems appropriate.

## COUNT III

39. Benz incorporates by reference the averments of paragraphs 1 through 38.

40. On May 28, 2019, Benz obtained a judgment against Positronic in the Springfield District Court in the amount of $102,739.24, together with interest that has accrued since ("the Judgment").

41. An Execution on the Judgment in the amount of $102,739.24 was issued by the Springfield District Court on June 25, 2019 ("the Execution").

42. Positronic has failed, despite demand by Benz, to pay the Judgment and the Execution.

43. Positronic has no property which can be reached or attached or taken on execution.

44. Lloyd's is indebted to Positronic under the Policy for the Loss.

*WHEREFORE*, the plaintiff, Benz Holdings, LLC, demands judgment against the defendant, Certain Underwriters at Lloyd's, London, ordering that:

a. The insurance funds due to Positronic under Policy for the Loss be reached and applied in satisfaction of the Judgment;

b. Lloyd's pay to Benz the amount of the Judgment, and with interest and costs.

c. Benz be granted such other and further monetary or equitable relief as the Court deems appropriate.

### *E. Jury Request.*

Pursuant to Mass. R. Civ. P. 38, Benz requests a jury trial on all issues so triable.

Dated: September 10, 2020         BENZ HOLDINGS, LLC,
                                  for itself and as assignee of
                                  POSITRONIC FARMS, INC.,

                                  */s/ Mark J. Albano*

                                  By:_____
                                  Mark J. Albano, Esq.
                                  ALBANO LAW, LLC
                                  One Monarch Place, Suite 1330
                                  Springfield, MA 01144-1150
                                  Tel.: (413) 736-3500
                                  Fax.: (413) 746-9224
                                  B.B.O. No.: 013860
                                  email: mark@albanolawllc.com